In re:  Case No. 14-01267-JJT
John Michael Docto  Chapter 13
Kari Leigh Docto
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-5    User: karendavi    Page 1 of 2    Date Rcvd: Apr 12, 2017
                  Form ID: 3180W    Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 14, 2017.
```
db/jdb         +John Michael Docto,    Kari Leigh Docto,    217 Skytop Drive,    Avoca, PA 18641-1052
4463284        +O&r Utilities Efcu,    390 W Route 59,    Spring Valley, NY 10977-5320
4463285        +Ocwen Loan Servicing L,    3451 Hammond Avenue,    Waterloo, IA 50702-5345
4463286        +Strategic Recovery Group,    7668 Warren Parkway, Ste 325,    Frisco, TX 75034-4161
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4463279         EDI: CAPITALONE.COM Apr 12 2017 18:53:00      Cap One,    Po Box 85520,    Richmond, VA 23285
4463278        +EDI: CAPITALONE.COM Apr 12 2017 18:53:00      Cap One,    26525 N Riverwoods Blvd,
                 Mettawa, IL 60045-3440
4463280        +EDI: WFNNB.COM Apr 12 2017 18:53:00      Comenity Bank/vctrssec,    220 W Schrock Rd,
                 Westerville, OH 43081-2873
4463281        +EDI: RCSFNBMARIN.COM Apr 12 2017 18:53:00      Credit One Bank Na,    Po Box 98875,
                 Las Vegas, NV 89193-8875
4463283        +EDI: IIC9.COM Apr 12 2017 18:53:00      I C System Inc,    Po Box 64378,
                 Saint Paul, MN 55164-0378
4528474         EDI: RESURGENT.COM Apr 12 2017 18:53:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
4495854        +E-mail/Text: ccd@oru.com Apr 12 2017 18:55:54      Orange and Rockland Utilities,
                 c/o Customer Support Operations,    390 W Route 59,    Spring Valley, NY 10977-5345
4520126         EDI: PRA.COM Apr 12 2017 18:53:00      Portfolio Recovery Associates, LLC,    POB 12914,
                 Norfolk VA 23541
4480384         E-mail/Text: bkdepartment@rtresolutions.com Apr 12 2017 18:55:59
                 Real Time Resolutions, Inc.,    1349 Empire Central Dr., Ste #150,    P.O. Box 36655,
                 Dallas, TX 75247
4598471         EDI: RECOVERYCORP.COM Apr 12 2017 18:53:00      Recovery Management Systems Corporation,
                 25 S.E. 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4463282       ##+Dyck Oneal Inc,    15301 Spectrum Dr,    Addison, TX 75001-6436
                                                                                   TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 14, 2017            Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 12, 2017 at the address(es) listed below:
```
            Celine P DerKrikorian    on behalf of Creditor    OCWEN LOAN SERVICING, LLC ecfmail@mwc-law.com
            Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
            Jason Paul Provinzano    on behalf of Debtor John Michael Docto MyLawyer@JPPLaw.com,
             G17727@notify.cincompass.com
            Jason Paul Provinzano    on behalf of Joint Debtor Kari Leigh Docto MyLawyer@JPPLaw.com,
             G17727@notify.cincompass.com
            Joshua I Goldman    on behalf of Creditor    JPMorgan Chase Bank, N.A. bkgroup@kmllawgroup.com,
             bkgroup@kmllawgroup.com
            Recovery Management Systems Corporation    claims@recoverycorp.com
            Thomas I Puleo    on behalf of Creditor    JPMorgan Chase Bank, N.A. tpuleo@kmllawgroup.com,
             bkgroup@kmllawgroup.com
            United States Trustee    ustpregion03.ha.ecf@usdoj.gov
```

District/off: 0314-5        User: karendavi        Page 2 of 2        Date Rcvd: Apr 12, 2017
Form ID: 3180W        Total Noticed: 14

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

TOTAL: 8

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **John Michael Docto** | Social Security number or ITIN xxx–xx–6878 |
| | First Name   Middle Name   Last Name | EIN __–_____ |
| Debtor 2 (Spouse, if filing) | **Kari Leigh Docto** | Social Security number or ITIN xxx–xx–9909 |
| | First Name   Middle Name   Last Name | EIN __–_____ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **5:14–bk–01267–JJT** | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

John Michael Docto  
aka John M Docto

Kari Leigh Docto  
fka Kari Leigh McNeely

**By the court:**   _[signature]_

April 12, 2017

Honorable John J. Thomas  
United States Bankruptcy Judge

By: karendavis, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**